IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **E-C-R-**, | Case No. 3:25-cv-1230-SI |
| Plaintiff, | Agency No. AXXX-XXX-838 |
| v. | **ORDER** |
| **KRISTI NOEM**, in her official capacity as Secretary, U.S. Department of Homeland Security; **ANGELICA ALFONSO-ROYALS**, in her official capacity as Acting Director of U.S. Citizenship and Immigration Services; and **JOSEPH E. KERNAN**, in his official capacity as Director, U.S. Citizenship and Immigration Services Asylum Vetting Center, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff E-C-R- is a citizen of Colombia who was stalked and raped by a cartel member and fled persecution in her home country. She arrived in the United States on May 16, 2022. On May 17, 2022, she was determined to be inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), because she did not have a visa or other valid entry document. She was detained by U.S. Customs and Border Protection. The government, however, never issued an order of removal and instead released her on her own recognizance on June 27, 2022. Plaintiff has since applied for asylum and for withholding of removal. Plaintiff periodically checked in with U.S. Immigration

PAGE 1 – ORDER

and Customs Enforcement, but she has not received a Notice to Appear for removal proceedings, or any other proceedings, in immigration court.

On June 9, 2025, the United States Citizenship and Immigration Services ("USCIS") sent Plaintiff a Notice of Dismissal of her Form I-589 application for asylum and withholding of removal ("Form I-589 Application"). The sole basis that USCIS gave for the denial of Plaintiff's Form I-589 Application was that the records of the Department of Homeland Security ("DHS") indicate that she was "apprehended by DHS officials, placed in expedited removal, and issued a Form I-860, Notice and Order of Expedited Removal."

On July 14, 2025, Plaintiff brought this lawsuit, alleging that Defendants violated 8 U.S.C. § 1158(a)(1) and the Administrative Procedure Act in denying Plaintiff's Form I-589 Application. On July 15, 2025, Plaintiff moved for a temporary restraining order ("TRO"), requesting that the Court (1) order Defendants to rescind the June 9, 2025 dismissal of Plaintiff's Form I-589 Application and (2) prevent Defendants from arresting and detaining Plaintiff while her Form I-589 Application is pending.

Under the All Writs Act, 28 U.S.C. § 1651, the Court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Even if the Court's jurisdiction over Plaintiff's claim may be subject to dispute by Defendants, which has not yet been determined, "[a] federal court has the power under the All Writs Act to issue injunctive orders in a case even before the court's jurisdiction has been established." *See ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n.19 (5th Cir. 1978); *see also Belbacha v. Bush*, 520 F.3d 452, 455-56 (D.C. Cir. 2008) ("If a case presents a 'substantial' jurisdictional question, then under the All Writs Act, 28 U.S.C. § 1651, a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction."). Accordingly, the Court

may "issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it." *See ITT Cmty. Dev.*, 569 F.2d at 1359 n.19.

If Plaintiff were arrested or detained for immigration purposes, she would likely be transferred out of the District of Oregon because there is no immigration detention center in Oregon. This could potentially create jurisdictional problems. Thus, the Court finds that it is necessary in aid of its jurisdiction that Plaintiff not be arrested nor placed in immigration detention or deported, at least until the parties have litigated the merits of Plaintiff's motion for an injunction.[1]

The Court, however, does not find temporary injunctive relief appropriate at this time for Plaintiff's first request, that the Court require Defendants to rescind the June 9, 2025, dismissal of Plaintiff's asylum proceedings. That request does not maintain the current status quo but instead reaches the merits of Plaintiff's complaint.

---

[1] Courts around the country exercise their authority under the All Writs Act to maintain their jurisdiction over pending immigration matters by preserving the status quo. *See, e.g.*, *J.A.V. v. Trump*, --- F. Supp. 3d ----, 2025 WL 1226023, at *2 (S.D. Tex. Apr. 24, 2025) (enjoining respondents under the All Writs Act from "transferring, relocating, deporting, or removing" any petitioner outside of the Southern District of Texas because "maintaining the status quo is required to afford the Court the ability to consider the request for a preliminary injunction and other forms of relief . . . and to prevent the immediate and irreparable injury that may occur with the immediate removal of any [petitioner]"); *Du v. U.S. Dep't of Homeland Sec.*, 2025 WL 1317944, at *1-2 (D. Conn. Apr. 24, 2025) (enjoining defendants from removing and deporting any plaintiffs from the District of Connecticut in order to preserve the status quo and maintain the court's jurisdiction over the case pending ruling on the motion); *Doe v. Bondi*, 2025 WL 1870979, at *1-2 (S.D. Cal. June 11, 2025) (explaining that "[f]ederal courts retain jurisdiction to preserve the status quo while determining whether [they have] subject matter jurisdiction over a case and while a petition is pending resolution from the court" and finding that "a limited-duration stay to maintain the *status quo* is appropriate because it will allow the Court to hold a hearing and provide a reasoned decision to the request at hand"); *Batooie v. Ceja*, 2025 WL 1836695, at *2 (D. Colo. July 3, 2025) (enjoining defendants from removing the petitioner from the District of Colorado pursuant to the All Writs Act and Rule 65(b) of the Federal Rules of Civil Procedure in order to preserve the court's jurisdiction).

The Court GRANTS IN PART *ex parte* Plaintiff's Motion for Temporary Restraining Order, ECF 8. The Court ORDERS Defendants not to arrest, detain, or deport Plaintiff based on her immigration status, absent further order of this Court for fourteen days from the date of this Order. This Order is without prejudice to the Court considering the merits of parties' arguments in later motions. The parties are directed to confer and submit a proposed briefing schedule and hearing date for either a motion for renewal of the TRO for another 14 days[2] or for a preliminary injunction, or both.

**IT IS SO ORDERED.**

DATED this 16th day of July, 2025 at 2:22 p.m.

_____
Michael H. Simon
United States District Judge

---

[2] A TRO may only be extended for another 14 days, absent stipulation of the parties. *See* Fed. R. Civ. P. 65(b)(2).